Fink
*v.*
Martin.

</div>

| 1 | 119 |
| --- | --- |
| 46 | 533 |

## Bertoli *v.* The Citizens' Bank.

No sale, whether judicial, forced or voluntary, of property mortgaged to the Citizens' Bank of Louisiana, can, in any manner, affect the rights secured to that institution by the 24th section of its charter, which declares that " all property mortgaged to that corporation for any purpose, may be seized and sold at any time, according to law, in whosesoever hands or possession the same may be found, notwithstanding any alienation thereof, or change of possession, by succession, or descent to heirs, or legatees, by last will and testament, or otherwise, in the same manner as if the same was in possession of the original mortgagor." Act 1st April, 1833, s. 24.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Roselius*, for the appellant.

*Denis* and *Pitot*, for the defendants, cited *Williams* v. *Bank of Louisiana*, 378–384. 11 Robinson, 209. B. & C.'s Dig. p. 586, ss. 7, 8.

The judgment of the court was pronounced by

Rost. J.† The Citizens' Bank took from one *Mathieu Charles Staes*, a mortgage on a house and lot, to secure seventy-one shares of its capital stock, and lent him the sum of money to which he was entitled under the charter. The bank afterwards, at two different times, made loans to *Staes*, secured by mortgages, on the same property. *Staes* died insolvent, and his creditors instituted proceedings in the Court of Probates to have his property sold and the proceeds distributed among them according to their rank and privileges. The court ordered all the property to be sold, and the plaintiff purchased at the sale the house and lot mortgaged to the Citizens' Bank, for little more than the balance

---

† Eustis, C. J., being interested, did not sit on the trial of this case.

due on the stock loan, leaving the two mortgage loans unprovided for. He soon after went to the office of the bank, paid the stock loan to the receiving clerk, and wrote to the board, informing them of his purchase, and requesting a transfer of the stock to him on their books. The board referred the letter to their counsel, and, on his advice, the property was seized under the last mortgages.

The plaintiff has injoined the proceedings, and claims title to the property by virtue of his purchase, and of the ratification thereof, on the part of the Citizens' Bank, implied from the fact that they received the price in payment of the stock debt. The Parish Court dissolved the injunction, and the plaintiff appealed.

We are satisfied that no sale, whether judicial, forced or voluntary, of property mortgaged to the Citizens' Bank, can, in any manner, affect the rights secured to that institution by the 24th section of its charter. The legislature made no exception, and intended none. If probate sales could effect a release of the mortgages of the bank, the securities of the State and of the bond-holders would all vanish long before the expiration of the charter.

But, in this case, the debtor was insolvent, and the sale took place at the suit of his creditors, under proceedings having all the material requisites of a forced surrender. The 26th section of the charter contains an express prohibition to include, in such cases, the property mortgaged to the bank, in the *cessio bonorum*.

The circumstance that the clerk of the bank received the sum offered him in payment of the stock debt, taken in connection with the fact that, as soon as the board were apprised of the sale, they referred the matter to their counsel, who took out an order of seizure, does not amount to a ratification. The will and intention of the board to ratify, are wanting.

We hold the probate sale to be an absolute nullity, and the property and stock as still belonging to the succession of *Slaes*. The defendants should have refunded to the plaintiff the sum they received from him in payment of the stock debt; and, for the preservation of his rights in this respect, the cause must be remanded.

It is, therefore, ordered and adjudged, that the judgment be reversed, the injunction reinstated, and the cause remanded, with directions to the court of the first instance, upon due proof being made that the defendants have refunded to the plaintiff $2,556, paid by him for the stock debt of *M. C. Slaes*, to dissolve the injunction, and to allow the defendants to proceed under their seizure. It is further ordered and adjudged, that the defendants pay the costs in both courts.